**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 14-10211-BKT7 |
| | Chapter 7 |
| PEDRO M. VAN RHYN SOLER | |
| Debtor(s) | |
| MULTINATIONAL LIFE INSURANCE COMPANY | Adversary No. 17-00270 |
| Plaintiff | |
| vs. | |
| PEDRO M. VAN RHYN SOLER | FILED AND ENTERED ON 10/31/2019 |
| Defendant | |

## OPINION AND ORDER

Before this Court is a *Motion to Dismiss* [Dkt. No. 65] filed by Pedro M. Van Rhyn Soler ("Defendant" or "Debtor"), an *Opposition to Defendant's Motion to Dismiss* [Dkt. No. 81] filed by Multinational Life Insurance Company ("Plaintiff" or "Multinational"), Defendant's *Reply to Plaintiff's Opposition to dismissal of case for cause* [Dkt. No. 82], and Plaintiff's *Reply to Defendant's Motion in Docket 82* [Dkt. No. 83]. For the reasons set forth below, Defendant's *Motion to Dismiss* is DENIED.

### I.    Factual Background

1

On December 13, 2015, Debtor petitioned for relief under chapter 7 of the Bankruptcy Code and, on October 12, 2016, Debtor was granted a discharge Order pursuant to 11 U.S.C. §727.

On November 29, 2016, over one (1) month from the date of the Discharge Order, the United States Attorney for the District of Puerto Rico, issued an indictment against the Debtor with various accusations including several counts for health care fraud and money laundering. [Criminal Case 16-742-ADC].

The indictment and the allegations therein form the basis of Plaintiff's request for relief in its complaint pursuant to 11 U.S.C. § 727(d), filed on November 6, 2017.

In an era of scarce judicial resources, and in order to conserve such resources, this Court entered an Order holding the instant case in abeyance until such time as the criminal case 16-742-ADC had concluded. This Court held that a finding of guilt would lend credence to Plaintiff's assertions of fraud in the bankruptcy case, whereas an acquittal would render the complaint moot.

Instead, the United States Attorney for the District of Puerto Rico and Debtor reached a plea agreement in Criminal Case 16-111-ADC. Debtor pled guilty to tax evasion against the Commonwealth of Puerto Rico for the years 2010, 2011 and 2012, in violation 11 U.S.C. § 371, in exchange for the dismissal of Criminal Case 16-742-ADC.

On March 14, 2019, Defendant filed the *Motion to Dismiss* before us today. Defendant sustains that, by pleading guilty to tax evasion in Criminal Case 16-111-ADC, in exchange for the dismissal of Criminal Case 16-742-ADC, the complaint has become moot.

On the other hand, Plaintiff argues in its *Opposition to Defendant's Motion to Dismiss* [Dkt. No. 81] that the approval of a plea agreement for tax evasion cannot imply that the alleged fraud and the other crimes contained in the dismissed indictment, which are the basis for the

2

Plaintiff's complaint, did not take place. Plaintiff posits that Defendant's plea agreement cannot be a valid reason to dismiss the captioned adversary proceeding. We agree.

## II. Motion to Dismiss Standard

This case requires us to revisit the plausibility threshold that a complaint must cross in order to survive a motion to dismiss. We start our analysis by laying out the appropriate standard of review for a motion to dismiss for failure to state a claim pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6). It is well-established that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). See also, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). The court must take all of the pleaded factual allegations in the complaint as true. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents attached to it, and documents expressly incorporated into it. Id. Thus, a primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the oftentimes laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win. Plaintiff is not required to submit evidence to defeat a Rule 12(b)(6) motion but need only sufficiently allege in its complaint a plausible claim.

## III. Legal Analysis

In this case, Plaintiff is seeking the revocation of the Debtor's discharge pursuant to 11 U.S.C. § 727(d). Section 727(d)(1) of the Bankruptcy Code provides that "[o]n request of the

3

trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted… if… such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1).

The party seeking revocation bears the burden of proving each of these elements by a preponderance of the evidence. See, Grogan v. Garner, 498 U.S. 279, 289, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). These requirements are construed "liberally in favor of the debtor," as the revocation of a discharge is an "extraordinary remedy." See, Notinger v. Weisberg (In re Weisberg), 202 B.R. 332, 334 (Bankr. D.N.H. 1996).

To prevail under Section 727(d)(1), the Plaintiff must establish by a preponderance of the evidence that: "(1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. § 727(a)." Yules v. Gillis (In re Gillis), 403 B.R. 137, 144 (B.A.P. 1st Cir. 2009).

As for the first element, the Plaintiff must demonstrate that the Debtor committed "actual fraud" involving an intentional wrong, such as the intentional omission of assets from the Debtor's schedules. Id. at 144-45 (citing, 6 Collier on Bankruptcy ¶ 727.17[2] (16th ed. rev. 2010)). The third element also incorporates a standard of actual fraud, such that a court would have denied a debtor's discharge under Section 727(a) had the fraud been known. "In this way, the third element subsumes the first to the extent that an analysis of the third element… inherently requires the same analysis of whether the debtor committed fraud in fact." Shamban v. Larson (In re Larson), A.P.

4

Nos. 06-1381, 06-1446, 2010 Bankr. LEXIS 1186, 2010 WL 1633466, at *4 (Bankr. D. Mass. Apr. 20, 2010).

A finding of fraud in obtaining a discharge requires evidence of some conduct that under Section 727(a) would have been sufficient grounds to deny the Debtor's discharge, such as the debtor knowingly and fraudulently making a false oath in connection with his bankruptcy case. See, 11 U.S.C. § 727(a)(4)(A). Thus, an action for revocation of a discharge under Section 727(d)(1) can be based on a false oath or account under Section 727(a)(4)(A). Smith v. Smith (In re Smith), 489 B.R. 875, 891 (Bankr. M.D. Ga. 2013) (citations omitted). When a Section 727(d)(1) revocation of discharge claim is based on Section 727(a)(4)(A), the elements partially merge, and a plaintiff states a claim under Section 727(d)(1) if he states a claim under Section 727(a)(4)(A) and alleges no knowledge of the fraud before the discharge. Id.

Section 727(a)(4) of the Bankruptcy Code states that a court will not discharge a debt if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." The elements that must be proved to avoid discharge under this provision are (1) the debtor knowingly and fraudulently made a false oath, and (2) the false oath related to a material fact in connection to the bankruptcy case. See e.g., Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987).

"A debtor's Schedules and Statement of Financial Affairs are the equivalent of a verification under oath," and, therefore, misrepresentations and omissions in a debtor's schedules and statement of financial affairs qualify as false oaths for purposes of Section 727(a)(4)(A). Perry v. Warner (In re Warner), 247 B.R. 24, 26 (B.A.P. 1st Cir. 2000). A false oath is knowingly and fraudulently made if the debtor "knows the truth and nonetheless willfully and intentionally swears

5

to what is false." <u>Lussier v. Sullivan (In re Sullivan)</u>, 455 B.R. 829, 837 (B.A.P. 1st Cir. 2011) (internal quotations and citation omitted). "Deliberate omissions by the debtor" in his schedules or statements satisfy the requirement for a "knowing" misrepresentation. <u>Harrington v. Donahue (In re Donahue)</u>, A.P. No. 10-01071-JBH, 2011 Bankr. LEXIS 4951, at *37 (B.A.P. 1st Cir. Dec. 20, 2011). In addition, a debtor's "reckless indifference to the truth [is] treated as the functional equivalent of fraud" for purposes of Section 727(a)(4)(A). <u>Smith v. Grondin (In re Grondin)</u>, 232 B.R. 274, 277-78 (B.A.P. 1st Cir. 1999) (internal quotations and citations omitted). Thus, "reckless disregard of both the serious nature of the information sought [in the Debtor's Schedules and Statement of Financial Affairs] and the necessary attention to detail and accuracy in answering may rise to the level of the fraudulent intent necessary to bar a discharge." <u>Vasiliades v. Dwyer</u>, No. 05-10479-FDS, 2006 U.S. Dist. LEXIS 35317, 2006 WL 1494081, at *4 n.15 (D. Mass. May 23, 2006).

Finally, as to the last element for denial of a discharge under Section 727(a)(4)(A), a false statement is material if it "bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." <u>In re Tully</u>, 818 F.2d at 110 (internal quotations and citations omitted). Courts have acknowledged that the threshold for materiality under Section 727(a)(4)(A) is low. <u>In re Sullivan</u>, 455 B.R. at 839.

Here, to survive the Defendant's motion to dismiss, Plaintiff must have pled factual content as to each of the above elements. A fair reading of Plaintiff's complaint reveals allegations that: (1) the Debtor committed a fraud on the court within the meaning of Section 727(d)(1); (2) such fraud consisted of the Debtor's alleged wrongful conduct, including the use of an American

6

Express corporate credit card for personal use which ended up in Debtor's conviction for tax evasion; and (3) Plaintiff did not discover the alleged fraud until the issuance of the indictment, after the discharge Order entered as a consequence of Defendant's alleged disclosure omissions and false oaths and statements included throughout the bankruptcy case and the related adversary proceeding.

In viewing the complaint as a whole, the allegations are sufficient to satisfy the requirements of Rule 12(b)(6) with respect to the fraud elements for a cause of action under Section 727(a)(4)(A). The Court agrees with the Plaintiff that the complaint is specific as to what the Plaintiff contends constituted the Defendant's alleged fraudulent conduct.

This brings us to the final element for a revocation of discharge claim under Section 727(d)(1). As noted above, Plaintiff's complaint states a claim under Section 727(d)(1) if it states a claim under Section 727(a)(4)(A), *and* alleges facts showing he had no knowledge of the Debtor's fraud at the time the discharge was granted. The Plaintiff has stated that it was unaware of the Defendant's alleged fraud before the discharge was entered. Defendant counters that Plaintiff has failed to prove that it did not know of the events leading to the plea agreement prior to entry of discharge. Nevertheless, whether the Plaintiff was aware of the alleged fraud prior to the entry of the Defendant's discharge will likely be a mixed question of fact and law, as Plaintiff may be found to have been aware of facts that would, if investigated, have led it to discover the alleged "fraud." But, as stated previously, a court considering a motion to dismiss under Rule 12(b)(6) must treat all well-pleaded allegations in the complaint as true and must view them in the light most favorable to the Plaintiff and, at this point in the case, the Plaintiff has pled sufficient facts that, if taken as true, could support the relief requested in the complaint.

7

The court's function on a Rule 12(b)(6) motion is not to weigh the potential evidence that the parties might present at trial, but to assess whether the Plaintiff's complaint alone is legally sufficient to state a claim for which relief may be (not necessarily will be) granted. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). Viewing the complaint as a whole, we conclude that the allegations are sufficient to state a cause of action under Section 727(d)(1).

**IV.     Conclusion**

Accordingly, given that the Plaintiff has pled sufficient facts that, if taken as true, could support the relief requested in the complaint, the Court finds that the Defendant's *Motion to Dismiss* should be and, hereby is, **DENIED**. Defendant shall file an answer to the complaint within twenty (20) days. The Clerk to schedule an initial scheduling conference.

SO ORDERED.

In San Juan, Puerto Rico this 31st day of October 2019.

Brian K. Tester
U.S. Bankruptcy Judge